# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

DENISE SHANTALL BARNES-DE-LA-
TEXERA, ET AL.,

    Plaintiffs,

              v.

SAN JORGE CHILDREN'S HOSPITAL,
ET AL.,

    Defendants.

**Civil No. 11-1740 (SEC)**

## OPINION AND ORDER

    Before the Court are the coplaintiff's motion for voluntary dismissal without prejudice, Docket # 238, the codefendant's opposition thereto, Docket # 245, and the coplaintiff's reply. Docket # 260. After reviewing the filings and the applicable law, this motion is **DENIED**.

### Factual and Procedural Background

    Denise Shantall Barnes and her 20-year-old daughter, MPB, bring this diversity medical malpractice action against Dr. Sunsiree Santana-Velazquez (Santana), among other defendants. In a nutshell, the plaintiffs seek damages for the alleged wrongful death of a relative; the underlying facts are largely impertinent for present purposes. So a recount only of the material facts of this protracted litigation follows.

    The plaintiffs filed suit on July 29, 2011, Docket # 1, and, after various procedural nuances, on August 31, 2012, they amended their complaint to include Santana. Docket # 115. As the case proceeded, the plaintiffs started resisting to the taking of MPB's deposition. Docket # 182. But on February 25, 2014, the Court overruled the plaintiffs' objections. Docket # 206. MPB then sought reconsideration and moved for a protective order, arguing "emotional distress." Docket # 216. MPB provided no competent evidence to sustain her dubious request,

however, so the Court gave her two weeks within which to submit new medical evidence supporting her allegations of psychological distress. Docket # 226.

Yet MPB turned a deaf ear to that order. So the Court admonished MPB for violating its order, noting that she never furnished the requested medical documentation. Docket # 234. The Court also denied her motion for reconsideration and gave her "one last chance" to substantiate her request. Id. at 2. Then, as a result of the May 2014 status conference, the Court also ordered MPB to inform by May 27 whether she could be deposed on June 23; otherwise, the Court held, the deposition would be held on June 27. Docket # 236.

Instead of complying with that last order, MPB filed the instant motion under Federal Rule of Civil Procedure 41(a)(2), seeking to dismiss without prejudice her claims against the defendants. Docket # 238. The gravamen of her case is that she cannot be deposed because of her "fragile psychological state," id. at 2, and that, in her view, a dismissal without prejudice would not prejudice the defendants. Id. at 5.

Santana timely opposed and requested that the dismissal should be with prejudice. Docket # 245. He says that, at this stage of the litigation—over two years after being sued (he was joined in August, 2012)—he will be prejudiced by a dismissal without prejudice, arguing that (1) the defendants have invested substantial time and money defending this case, id. at 6; (2) the plaintiffs violated court orders, id. at 7; and (3) the significant passage of time causes legal prejudice. Id. at 10-11. Alternatively, if a dismissal without prejudice were granted, Santana prays for the imposition of curative conditions. Id. at 11-16.

**Standard of Review**

Federal Rule of Civil Procedure 41(a)(2) commands that, after the defendant has answered the complaint or filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." By requiring that approval, the First Circuit has explained, a district court ensures that "'no other

party will be prejudiced.'" Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)). The court is responsible for exercising its discretion to ensure "that such prejudice will not occur," Colon-Cabrera v. Esso Standard Oil Co., 723 F.3d 82, 87 (1st Cir. 2013) (citing Doe, 216 F.3d at 160), most especially because a voluntary dismissal under this rule is without prejudice unless the "order states otherwise." Fed. R. Civ. P. 41(a)(2). Put another way, a district court abuses its discretion in countenancing a dismissal without prejudice only where "the defendant will suffer legal prejudice." Colon-Cabrera, 723 F.3d at 87 (quoting Leith, 668 F.2d at 50). But "[t]he mere prospect of a subsequent lawsuit does not constitute such prejudice." Id. (quoting Doe, 216 F.3d at 160-61).

In reaching that determination, the First Circuit has instructed district courts to consider, among other considerations, the so-called Pace factors: (1) the effort and costs incurred by the defendants in preparation for trial; (2) excessive delay and want of diligence in prosecuting the action; (3) the legitimacy (or lack thereof) of the explanation for the need to take a dismissal; and (4) whether a summary-judgment motion has been filed by the defendants. Doe, 216 F.3d at 160 (quoting Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir.1969)). That is not to say that courts must "analyze each factor or limit their consideration to these factors . . . ." Id. This is because the "'enumeration of the[se] factors . . . is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests.'" Id. (quoting Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980)). Thus, "it is appropriate to consider whether 'a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling.'" Colon-Cabrera, 723 F.3d at 88 (quoting In re FEMA Trailer Formaldahyde Prods. Liab. Litig., 628 F.3d 157, 162 (5th Cir.2010)).

## Applicable Law and Analysis

The critical issue in this case is whether the defendants will be unfairly treated by allowing MPB to take a dismissal without prejudice.[1] The analysis is primarily guided by the Pace factors, which the Court considers sequentially.

The first factor—the effort and expenses incurred by the defendants in preparation for trial—cuts against MPB's request for a dismissal without prejudice. As a threshold matter, MPB "recognizes that the defendants . . . have invested a considerable amount of time in defending and trying this case." Docket # 238, p.5. That is a sensible, indeed inevitable, concession.  It is true, as MPB posits, that "the expense incurred in defending against a lawsuit does not amount to legal prejudice."  Docket # 260, p. 2 (citing Westlands Water Dist. v. U.S., 100 F.3d 94, 97 (9th Cir. 1996)). But that argument of course fails to recognize that "the defendant's resulting costs are appropriate factors to consider under Rule 41(a)(2)." Colon-Cabrera, 723 F.3d at 89 (citing Doe, 216 F.3d at 160-61). And as matters now stand, the defendants, and  particularly Santana, have made considerable investments of time and money in this case, having aggressively litigated this action for over three years. Santana has, for instance, filed pleadings; participated in numerous depositions; attended several discovery and status conferences; and

---

[1]True, only Santana opposed MPB's request, so the other defendants waived any objections under Local Rule 7(b). But even if a party waives any objections to a motion, a district court must nonetheless consider the merits thereof (as opposed to summarily granting the unopposed motion) when the Federal Rules of Civil Procedure so mandate. Rodríguez-Salgado v. Somoza-Colombani, 937 F. Supp.2d 206, 211 (D.P.R. 2013) (discussing and construing Local Rule 7(b) and NEPSK, Inc. v. Town of Houlton, 283 F.3d 1(1st Cir. 2002)); see also Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 13 (1st Cir. 2007) (reminding that "an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law"). And in this context, Rule 41(a)(2) obligates a district court to ensure that "no other party will be prejudiced." Doe  216 F.3d at 160 (citation and internal quotation marks omitted). In all events, and for the reasons stated below, summarily granting MPB's motion would "clearly offend equity," Town of Houlton, 283 F.3d at 7, as the legal prejudice that would be inflicted upon all defendants, some of whom have been part of this suit since 2011, is patent and substantial.

submitted memoranda, including a motion to dismiss for want of prosecution. See David v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir.1991) (affirming finding of prejudice "where motion to dismiss was filed after a year had passed . . . the parties had spent months filing pleadings, attending conferences, and submitting memoranda"); Mateo v. Empire Gas Co., 287 F.R.D. 124, 128 (D.P.R. 2012). The first factor therefore weighs heavily against MPB.

The same holds true for the second element, which zeroes in on a plaintiff's excessive delay or lack of diligence in prosecuting an action. See Colon-Cabrera, 723 F.3d at 89 (citing Doe, 216 F.3d at 160-61). MPB says she has been active in the litigation of this case, and that "any delay in this case has been due to the complexity of the case." Docket # 238 p. 6. Not so. It suffices to say that the plaintiffs have displayed an intransigent approach to discovery, which, for the last year, has provoked unwarranted delays. See Dockets ## 216, 226, 234, 252. For instance, the Court even admonished MPB for failing to comply with its orders but gave her "one last chance" to make things right, Docket # 234, thus ordering that her deposition be held no later than June 27, 2014. Docket # 236. But as of today, that deposition is still outstanding. In short, the plaintiffs' unjustified refusal to go forward with MPB's deposition continues to drag out the proceedings in a way that prejudices the defendants. So this factor militates in a finding of legal prejudice. Cf. U.S. ex rel. Doe v. Dow Chemical Co., 343 F.3d 325, 330 (5th Cir. 2003) (affirming a finding of prejudice where "Doe's counsel had been sanctioned by the district court for failure to participate in the discovery process"); Xiong v. Fresno County Economic Opportunities, 36 Fed.Appx. 630, 631 (9th Cir. 2002) (affirming district court's finding that "risk of prejudice to the defendants weighed in favor of dismissal because the plaintiffs' action caused the defendants to wait unnecessarily 'in limbo' and to expend further time and money to monitor the action").

The third factor—MPB's explanation for the need to take a dismissal—also weighs against MPB. As said, MPB argues, without citing any caselaw, that a dismissal without prejudice will allow her to prepare emotionally for the deposition. Docket # 238, pp. 8-9; see also id. at 9 (MPB's "emotional and psychological state and her desire to improve constitute sufficient explanation and good cause for the need to take a dismissal . . . ."). But that explanation literally elevates self-serving optimism over reasonable inferences. The record makes clear, and common sense suggests, that MPB's reason for taking a dismissal is to avoid being deposed. Yet MPB cannot use Rule 41(a)(2) to circumvent this court's previous rulings, which had ordered the taking of MPB's deposition. "A party is not permitted to dismiss merely to escape an adverse decision . . . ." Porter v. ABB Power T&D, Inc., No. 08-04100, 2008 WL 2437940, *2 (W.D. Mo. June 13, 2008); Strahan v. Diodati, 755 F. Supp. 2d 318, 322-323 (D. Mass. 2010); see also In re FEMA Trailer Formaldahyde Products Liab. Litig., 628 F.3d 157, 163 (5th Cir. 2010) (affirming district court's entry of dismissal with prejudice, remarking that "[w]hen a plaintiff files any court case . . . sitting back is no option. He must be prepared to undergo the costs, psychological, economic and otherwise, that litigation entails.") (emphasis added).[2] This consideration therefore cuts against MPB's request for a dismissal without prejudice.

---

[2] Even if MPB's proffered reason were to hold water, she cannot substantiate it in any event. Despite the multiple opportunities given, she marshals no new medical evidence on this front; rather, she merely furnishes a sworn statement by Barnes (her mother and coplaintiff) that vouchsafes that MPB "has broken down by simply imagining that she would be questioned . . . [and] that she would prefer to die than dealing with the subject." Docket # 260-1. That evidence, although moving, is unconvincing, however, because it shows (if anything) that MPB should not have brought suit in the first place; that is, her psychological state precluded her from doing so. See In re FEMA Trailer Formaldahyde Products Liab. Litig., 628 F.3d at 163.

Contrarily, the last Pace factor—whether summary-judgment motions have been filed by the defendants—favors dismissal without prejudice. The defendants have lodged no summary-judgment motions.

The Court, having considered the legitimate interests of both the plaintiffs and the defendants, together with the foregoing Pace factors, denies MPB's Rule 41(a)(2) motion. See also Noonan v. Cunard S. S. Co., 375 F.2d 69, 71 (2d Cir. 1967) (Friendly, J.); Boyd v. Rhode Island Dep't of Corr., 206 F.R.D. 36, 38 (D.R.I. 2001). On this record (containing 274 docket entries), moreover, the dismissal should be with prejudice. This is because the defendants will suffer legal prejudice if the Court countenances MPB's dismissal-without-prejudice request—even if curative conditions were imposed. See Leith, 668 F.2d at 50; see also Gonzalez-Santos v. Torres-Maldonado, 283 F.R.D. 61, 63 (D.P.R. 2012). Sanctioning a voluntary dismissal without prejudice would, for example, allow MPB to refile this action whenever she turns 21, exposing the defendants to a third lawsuit. (Barnes will continue prosecuting her claims here, so this case and a parallel local litigation will most likely conclude by the time MPB decides to renew her claims.) And that constitutes legal prejudice. Cf. Central Montana Rail v. BNSF Ry. Co., 422 Fed. Appx. 636, 638 (9th Cir. 2011) ("[D]istrict court noted that, if it had dismissed the action without prejudice, BNSF could face litigation in state court . . . after almost four years of litigation."). If more were needed, the Court is particularly troubled by MPB's explanation, which, for the reasons just given, is a thinly-veiled attempt to violate discovery orders with impunity. That is beyond the pale.

One loose end remains. Where, as here, a dismissal without prejudice is denied, and, instead, a dismissal with prejudice is entered, a court should give a plaintiff time to withdraw her motion and proceed with the case. Fontanez v. Jefferson Pilot Life Ins. Co., No. 93-2268, 1994 WL 424096, at *1 (1st Cir. Aug. 15, 1994) (per curiam) (unpublished table decision) ("If a plaintiff's motion to dismiss without prejudice is to be denied, the plaintiff ordinarily should

**Civil No. 11-1740 (SEC)** **Page 8**

be given the opportunity to allow the case to proceed on the merits, rather than being subjected to a dismissal with prejudice."); accord, e.g., Michigan Surgery Investment, LLC v. Arman, 627 F.3d 572, 575 (6th Cir. 2010); Mateo, 287 F.R.D. at 127 n. 2. Accordingly, the Court will delay the entry of judgment for **20 days** within which MPB may withdraw her Rule 41(a)(2) motion and proceed with this action.

**Conclusion**

For the reasons stated, MPB's motion is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of December, 2014.

s/Salvador E. Casellas
SALVADOR E. CASELLAS
U.S. Senior District Judge